```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES                                     CRIMINAL DOCKET

VERSUS                                            NO: 11-95

EFRAIN GRIMALDO                                   SECTION "R"

## ORDER AND REASONS

Before the Court are two motions: defendant Efrain Grimaldo's Notice of Entry and Appearance of Counsel[1] and Motion for Admission *Pro Hac Vice*,[2] both of which state that Grimaldo has retained attorney George Jacobs as private counsel and request the Court's permission for Jacobs to appear on Grimaldo's behalf as attorney of record for Grimaldo's appeal in this case. The Court is also in receipt of the government's Opposition[3] and Supplement in Opposition[4] to Grimaldo's motions and Grimaldo's Response[5] to the government's Opposition. Because the Court finds that Grimaldo's motions for Jacobs to be admitted in the Eastern District of Louisiana *pro hac vice* do not conform to local rules, the Court DENIES the motions.

---

[1]    R. Doc. 191.

[2]    R. Doc. 192.

[3]    R. Doc. 195.

[4]    R. Doc. 201.

[5]    R. Doc. 199.

**I.    BACKGROUND**

On April 21, 2011, a grand jury indicted Efrain Grimaldo, his brother Sergio Grimaldo, and a third co-defendant, Sabino Duarte, on Count One of the Indictment, charging that the three co-defendants, together with other persons known and unknown, conspired to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846.[6]  The Court held a jury trial for Grimaldo from February 24, 2014 through February 26, 2014.  At the close of that trial, the jury found Grimaldo guilty of Count One.[7]  The Court sentenced Grimaldo on September 2, 2014, and Grimaldo, through his counsel of record Eddie Jordan, filed a Notice of Appeal[8] on September 17, 2014.

On October 2, 2014, Grimaldo filed an *ex parte* Motion to Appoint Counsel on Appeal, again through his counsel of record Jordan.[9]  The Court referred the motion to Magistrate Judge Roby for a hearing.[10]  Both Jordan and Jacobs appeared at the hearing. During the hearing, Jacobs informed Magistrate Judge Roby that

---

[6]    R. Doc. 1.

[7]    R. Doc. 131-2.

[8]    R. Doc. 186.

[9]    R. Doc. 188.

[10]   R. Doc. 189.

Grimaldo's family had paid to retain him as Grimaldo's counsel for the appeal.[11]  Reasoning that Jacobs' presence as retained counsel eliminated the need for appointed counsel, Magistrate Judge Roby directed Jacobs to formally enroll in the case and ended the hearing.[12]  Jacobs then filed the two motions at issue here.  In both motions, Jacobs represents that he is licensed to appear in the State of Texas and in the federal courts for the Southern, Eastern, and Western Districts of Texas, the United States Court of Appeals for the Fifth Circuit, and the Supreme Court of the United States.[13]

## II.  DISCUSSION

Local Rule 83.2.5 governs *pro hac vice* admissions of visiting attorneys to the Eastern District of Louisiana.  The rule provides:

> Any member in good standing of the bar of any court of the United States . . . and who is ineligible to become a member of the bar of this court, may, *upon written motion of counsel of record who is a member of the bar of this court*, by ex parte order, be permitted to appear and participate as co-counsel in a particular case. *The motion must have attached to it a certificate by the presiding judge or clerk of the . . . court of the United States, where he or she has been so admitted to practice, showing that the applicant attorney has been so admitted in such court, and that he or she is in good standing therein.*

---

[11]   *See* R. Doc. 197 at 7-8.

[12]   *See id.* at

[13]   R. Doc. 191 at 1; R. Doc. 192 at 1-2.

L.R. 83.2.5 (emphasis added).  Thus, to be valid, a motion for admission *pro hac vice* must be submitted by the current counsel of record and must be accompanied by a certificate of good standing from the district court in which an attorney is admitted to practice.  The motions before the Court conform to neither condition.  Both motions were filed directly by Jacobs, not by Jordan.  Neither motion includes a certificate of good standing.  Accordingly, the motions must be denied.

In addition, Jacobs represents that he is admitted to appear before the Fifth Circuit.  The Fifth Circuit has its own rules governing attorney appearances in individual cases.  *See* 5th Cir. R. 46.3.  As to any proceedings before this Court, the Notice of Appeal has already been filed.  As the Supreme Court has stated, "[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Thus, it is unclear to the Court what matters pertaining to the appeal could remain to be done in the Eastern District of Louisiana that would require Jacobs' *pro hac vice* admission here.

4

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the motions.


New Orleans, Louisiana, this 25th day of November, 2014.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE