UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 11-95 |
| EFRAIN GRIMALDO | SECTION "R" |

### ORDER AND REASONS

Defendant Efrain Grimaldo moves the Court to permit him to proceed *in forma pauperis* on appeal.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

On February 26, 2014, Grimaldo was convicted by a jury of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride.[2] The Court sentenced Grimaldo to 405 months imprisonment.[3] On November 18, 2016, Grimaldo moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.[4] The Court found that Amendment 782 does not

---

[1] R. Doc. 454.
[2] R. Doc. 131-2; R. Doc. 187 at 1.
[3] R. Doc. 187 at 2.
[4] R. Doc. 431.

change Grimaldo's sentencing guidelines range because he was held accountable for 1600 kilograms of cocaine.[5] The Court therefore denied his motion.[6] Grimaldo now moves for leave to proceed *in forma pauperis* on appeal.[7]

## II. DISCUSSION

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated

---

[5] R. Doc. 439.
[6] *Id.*
[7] R. Doc. 454.

when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

Grimaldo's motion and supporting documentation indicate that his current inmate account balance is $2,733.06, he has an income of $25 per month, and his average balance for the past six months was $2,037.10.[8] Grimaldo does not explain why is unable to pay the costs of appeal. The Court finds that Grimaldo is ineligible to proceed *in forma pauperis* because he has sufficient funds in his prison account to cover the costs of appeal. *See United States v. Freeman*, No. 05-29, 2010 WL 4363884, at *2 (E.D. La. 2010). Additionally, Grimaldo's motion must be denied because he fails to identify the issues he intends to pursue on appeal, as required under Federal Rule of Appellate Procedure 24(a)(1)(C) and 28 U.S.C. § 1915(a)(1).

---

8    R. Doc. 454.

Moreover, because Grimaldo's sentencing guidelines range is unaffected by Amendment 782, any appeal would be frivolous.

### III. CONCLUSION

For the foregoing reasons, Grimaldo's motion to proceed *in forma pauperis* is DENIED.

New Orleans, Louisiana, this ___20th___ day of February, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE