United States District Court
Eastern District of Louisiana



1 of 5

Efrain Grimaldo,
   Petitioner,

vs.                                Case No: 11-cr-00095
                                        11-95 "R" (S)

United States of America,
   Respondent.

## Motion for Amendment 794

Comes now, Efrain Grimaldo, on this 30th day of April, 2019, moving this honorable court to grant this motion for amendment 794 due to all objections to the court being used to convict the petitioner.

On May 23, 2014 the defendant objected to the probation officer as well as this court, where the petitioner was labeled not indentified.

However, the petitioner had been characterize as the organizer, leader, manager and supervisor to fulfill the sentencing goals of 18 U.S.C. § 3558 which was false. The defendant (objection No. 15): stated that he when increased base offense level by four in the (PSR) or (PSIR). The defendant "categorically denies and emphatically objects" to the finding that he was an organizer or leader of a criminal activity involving five or more participants. The defendant further contends that he never exercised decision-making authority in the conspiracy and

that he was not involved in a cocaine distribution ring and is not guilty of the charges for which he was found guilty. Enhancements include USSG §1B1.3 and §3B.1.1(a). (Objection No. 17) The defendant, through counsel, objects to the fact that the defendant wasn't given a two-level reduction in the sentencing guidelines. The defendant noted that the United States Sentencing Commission voted unanimously on July 18, 2014 to apply a reduction in the sentencing guideline levels applicable to most federal drug trafficking offenders, retroactively, meaning that many offenders currently in prison could be eligible for reduced sentences. In response by the probation officer agreeing with the defendant in that the United States Sentencing Commission voted unanimously on July 18, 2014 to amend the guidelines to lower the base offense levels in the drug quantity table, which may mean lower sentences for most drug offenders.

Specifically, the defendant asserts that he was not a member of a cocaine distribution ring, he was not the main source of supply in a drug conspiracy, he was not a supplier of cocaine, and he did not distribute cocaine in the Eastern District of Louisiana or in any other district. Further, the defendant contends that said factual findings are not supported by a preponderance of the evidence.

Therefore, I the petitioner beg mercy of this court to grant this motion for amendment 794 to be true and binding to the law, herein providing the defendant with counsel in any other proceedings.

Respectfully Submitted
Efrain Grimaldo, Pro Se
#30863-379
Federal Correctional Institution
P.O. Box 699
Estill, South Carolina 29918-0699

*Un-Notarized Oath*

Comes now, Efrain Grimaldo, on this 30th day of April, 2019, under the penalties of perjury, do hereby declare the foregoing information herein to be true and correct to the best of my knowledge.

Efrain Grimaldo, Pro Se
#30863-379
Federal Correctional Institution
P.O. Box 699
Estill, South Carolina 29918-0699

Certificate of Service

A true and correct copy of the foregoing was mailed to the following, this 30th day of April, 2019.

United States District Court
Eastern District of Louisiana
Sarah S. Vance
United States District Judge
500 Poydras Street, Room C-151
New Orleans, LA 70130

John F. Murphy
United States Attorney's Office
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130

Efrain Arnaldo #80863-379 Unit CA
Federal Correctional Institution
P.O. Box 699
Estill, South Carolina 29918-0699

United States District Court Judge
Sarah S. Vance
500 Poydras Street, Room C-151
New Orleans, LA 70130

To: Legal Mail