UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS                                                           NO. 11-95

EFRAIN GRIMALDO                                          SECTION "R" (5)

# ORDER AND REASONS

The Court had received a motion under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), from defendant Efrain Grimaldo.[1] In that motion, defendant argued he was eligible for relief under those statutes, because his prior convictions were used when calculating his sentence, and he was not offered a plea deal.[2] The Court denied his motion, noting that the First Step Act permitted sentence reductions for certain offenses involving cocaine base, but defendant's offense involved cocaine hydrochloride.[3] As such, his arguments were inapposite to his motion.

---

[1] R. Doc. 476.
[2] *See id.* at 1-3
[3] *See* R. Doc. 481.

Defendant also requested appointment of counsel to assist him with his motion,[4] which the Court denied.[5]

In addition to his initial motion under the First Step Act,[6] defendant submitted a supplemental motion, stylized as a "Motion for Amendment 794."[7] The Court did not find that this supplemental motion raised any meritorious arguments under the First Step Act, but stated that it would address defendant's arguments unrelated to the First Step Act in a separate order.[8] The Court does so now by separately addressing defendant's supplemental motion.

Defendant suggests that because of Amendment 794, he should receive a reduction in his sentence, given the role he allegedly played in his offense.[9] Defendant does not suggest a specific vehicle for his motion. But under 18 U.S.C. § 3582(c)(2), "[a] district court may reduce the term of imprisonment of a defendant who was sentenced 'based on a sentencing range that has

---

[4] *See* R. Doc. 476 at 1, 3.
[5] *See* R. Doc. 481.
[6] R. Doc. 476.
[7] R. Doc. 477.
[8] *See* R. Doc. 481.
[9] *See* R. Doc. 477 at 1-2. Defendant also mentions an amendment affecting the drug quantity tables, *see id.* at 2, which appears to refer to Amendment 782, *see* U.S. Sentencing Guidelines Manual suppl. to app. C, Amendment 782. The Court notes, though, that it already denied defendant's Section 3582(c)(2) motion for a reduction based on Amendment 782. *See* R. Doc. 439, R. Doc. 449.

2

subsequently been lowered by the Sentencing Commission.'" *United States v. Alipizar*, 718 F. App'x 305, 306 (5th Cir. 2018) (per curiam) (quoting 18 U.S.C. § 3582(c)(2)). That said, "Section 3582(c)(2) applies only to retroactive guideline amendments that are listed in U.S.S.G. § 1B1.10(d)," and "Amendment 794 is not listed there." *United States v. Guerrero*, 691 F. App'x 179, 180 (5th Cir. 2017) (per curiam). Defendant was sentenced on September 2, 2014,[10] and Amendment 794 became effective over a year later, on November 1, 2015. *See* U.S. Sentencing Guidelines Manual suppl. to app. C, Amendment 794. As such, Amendment 794 does not provide a basis for relief here. *See, e.g.*, *United States v. Garcia*, 775 F. App'x 776, 777 (5th Cir. 2019) (per curiam) ("Because Amendment 794 is not listed in § 1B1.10(d), the district court correctly denied [defendant's] § 3582(c)(2) motion." (citation omitted)).

For the foregoing reasons, the Court DENIES defendant's supplemental motion.

New Orleans, Louisiana, this __11th__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10]   *See* R. Doc. 184; R. Doc. 187 at 1.